[Cite as *State v. Rasheed*, 2022-Ohio-2315.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29411 |
| | : | |
| v. | : | Trial Court Case No. 2022-CRB-51 |
| | : | |
| MALIK T. RASHEED | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of July, 2022.

. . . . . . . . . . .

STEPHANIE L. COOK, Atty. Reg. No. 0067101 & ASHLEY THOMAS, Atty. Reg. No. 0093362, Prosecuting Attorneys, City of Dayton Prosecutor's Office, Appellate Division, 335 West Third Street, Room 390, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

MICHAEL HALLOCK, JR., Atty. Reg. No. 0084630, P.O. Box 292017, Dayton, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Malik T. Rasheed appeals from his conviction in the Dayton Municipal Court on one count of aggravated menacing, a first-degree misdemeanor in violation of R.C. 2903.21(A), and one count of assault, a first-degree misdemeanor in violation of R.C. 2903.13(A). For the reasons that follow, we affirm his conviction.

I.      Facts and Course of Proceedings

{¶ 2} On the evening of January 5, 2022, Rasheed went to the home of Helen Clark on Maplewood Avenue in Dayton, Ohio. Between 10:30 p.m. and 11:00 p.m., Rasheed physically attacked Clark and threatened to kill her. Clark fled her home and called the police.

{¶ 3} On January 7, 2022, Rasheed was charged with one count of aggravated menacing in violation of R.C. 2903.21(A) and one count of assault in violation of R.C. 2903.13(A). A bench trial was held in the Dayton Municipal Court on January 21, 2022. Clark, Dayton Police Officer Chelsea Weitz, and Rasheed testified at the trial.

{¶ 4} Clark first met Rasheed in 2018 through her best friend, who is Rasheed's cousin. Clark testified that she began talking to Rasheed again in June 2021. Trial Transcript, p. 30-31. Rasheed stayed at her house for at least one month between June 2021 and January 2022. *Id.* at 31.

{¶ 5} Rasheed previously paid Clark $50 to borrow her car and returned her car keys on the evening of January 5, 2022. *Id.* at 42. He then left her residence. *Id.* at 33. Clark woke up from sleeping a little after 10:30 p.m. and came down her stairs, at

which point Rasheed came from the living room area and attacked her. *Id.* at 20-21. According to Clark, Rasheed "snatched me up and threw me around and punched me in my back. Then flipped me." *Id.* at 22. When Rasheed flipped her, she hit her glass table and injured her ankle. *Id.* Clark suffered blunt trauma on her back and a swollen ankle. *Id.* 22-23. Rasheed accused Clark of stealing money from him. *Id.* at 24-25. While Rasheed was in the bathroom, Clark fled the home with her granddaughter, got into a vehicle, drove down the street, and called 9-1-1. *Id.* at 28-29.

{¶ 6} Dayton Police Officer Chelsea Weitz testified that she was on duty on the evening of January 5, 2022, and was dispatched in response to Clark's 9-1-1 call. Officer Weitz met with Clark, who was in her vehicle around the corner from her home. Clark appeared agitated, confused, and upset, and she had a small child with her. *Id.* at 64-65. At some point, Clark made a statement to Officer Weitz that Rasheed had some mental issues. *Id.* at 72. When Officer Weitz spoke with Rasheed, he appeared agitated, which Officer Weitz conceded often is the case with someone who is undergoing a mental health emergency. *Id.* at 73. Rasheed mentioned at the time the officers arrived at Clark's home that he assumed they were there because of a mental health concern. *Id.* at 77.

{¶ 7} Rasheed testified that he had been dating Clark since June 2021. He left Clark's home on the morning of January 5, 2022, to go to work. *Id.* at 82-83. After work, he returned to Clark's home around 6:00 p.m. and fell asleep for two or three hours on the couch. *Id.* at 83, 85, 90. He did not remember much of what happened after he woke up, because he was having a mental health episode. *Id.* at 95-96, 99. Rasheed

had previously been diagnosed with schizophrenia and bipolar one manic with psychotic episodes. *Id.* at 98. He received social security disability due to his mental health issues. *Id.* at 100-101.

{¶ 8} At the conclusion of the trial, Rasheed was found guilty on both counts. The trial court sentenced Rasheed to 180 days in jail on each count and ordered that the sentences be served consecutively. However, the trial court gave credit for 44 days already served on both counts and suspended 136 days of the sentence for aggravated menacing. The court also ordered intensive probation for five years and that Rasheed have no contact with the victim. Rasheed appeals from his conviction.

II.    Rasheed's Convictions Were Not Against The Manifest Weight of The Evidence

{¶ 9} Rasheed's sole assignment of error states:

THE TRIAL COURT ERRED IN FINDING MALIK RASHEED * * * GUILTY OF AGGRAVATED MENACING PURSUANT TO R.C. 2903.21(A) AND ASSAULT PURSUANT TO R.C. 2903.13(A) WHEN THE COURT'S DETERMINATION THAT RASHEED ACTED WITH THE REQUISITE MENS REA FOR THESE OFFENSES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 10} "A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 12. When reviewing an argument challenging the weight of

the evidence, an appellate court may not substitute its view for that of the trier of fact. Rather, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 11} Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). The fact that the evidence is subject to different interpretations does not render the conviction against the manifest weight of the evidence. *Wilson* at ¶ 14. A judgment of conviction should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. *Martin* at 175.

{¶ 12} Rasheed was convicted of aggravated menacing in violation of R.C. 2903.21(A), which provides, in part: "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. * * * " Rasheed also was convicted of assault in violation of R.C. 2903.13(A), which provides: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."

{¶ 13} "A person acts knowingly, regardless of purpose, when the person is aware

that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). " '[W]hether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself.' " *State v. Celli*, 9th Dist. Summit No. 28226, 2017-Ohio-2746, ¶ 18, quoting *State v. Huff*, 145 Ohio App.3d 555, 563, 763 N.E.2d 695 (1st Dist.2001).

{¶ 14} According to Rasheed, Clark knew of Rasheed's mental illness and the police had direct knowledge of his mental illness when they questioned him, but they did not make any investigation into his mental illness. Rasheed's Appellate Brief, p. 12. Rasheed contends that he was not "acting knowingly when the events leading to the aggravated menacing and assault charges took place because he was experiencing a mental health episode." *Id.* at 13. Therefore, he contends that his convictions were against the manifest weight of the evidence. We do not agree.

{¶ 15} The evidence supported a finding that Rasheed acted knowingly when he punched Clark and threw her into the glass table. In finding Rasheed guilty, the trial court stated "The primary evidence that this court relies upon is the testimony of Miss Clark. I found her credible in terms of how the incident happened, what happened, and the injuries she sustained as a result of being attacked." Trial Transcript, p. 110-111. Clark's testimony, along with the home-security video evidence showing what Rasheed did to Clark, established the necessary elements of the assault and aggravated menacing convictions.

{¶ 16} Moreover, we note that Rasheed did not enter a not guilty by reason of

insanity plea in the trial court. Had he raised this affirmative defense, he would have borne the burden of proving that his mental illness was so severe as to negate the knowingly element of the charge. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 64. Rasheed did not submit any evidence other than his own testimony to support his claim that he suffered from mental health issues or that such issues prevented him from knowing what he was doing at the time he physically injured Clark.

{¶ 17} The trial court chose to believe Clark's testimony over Rasheed's testimony. Upon the record before us, we cannot conclude that Rasheed's convictions were against the manifest weight of the evidence. Rasheed's assignment of error is overruled.

III.     Conclusion

{¶ 18} Having overruled Rasheed's sole assignment of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Stephanie L. Cook
Ashley Thomas
Andrew D. Sexton
Michael Hallock, Jr.
Hon. Deirdre E. Logan